UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ANTHONY J. LACY, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 2:22-CV-00040-JRG-CRW |
| TONY MAYS,[1] | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner, a state prisoner incarcerated in the Riverbend Maximum Security Institution filed a petition for habeas corpus relief under 28 U.S.C. § 2254 challenging numerous 2017 judgments of conviction against him in Carter County, Tennessee [Doc. 1]. Now before the Court is Respondent's motion to dismiss the petition as time-barred and/or for procedural default [Doc. 10], in support of which he filed a memorandum [Doc. 11] and the state court record [Doc. 9]. Petitioner did not file a response in opposition to this motion, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). Thus, Plaintiff waived any opposition to this motion. E.D. Tenn. LR 7.2.

For the reasons set forth below, Respondent's motion to dismiss [Doc. 10] will be **GRANTED** because the record establishes that the petition is time-barred, the Court will not reach Respondent's argument that Petitioner procedurally defaulted his claims, and this action will be **DISMISSED**.

---

[1] As the Court previously noted [Doc. 8 at 1 n.1], Tony Mays is the Warden of Riverbend Maximum Security Institute, https://www.tn.gov/correction/sp/state-prison-list/riverbend-maximum-security-institution.html (last visited July 27, 2022), which is where Petitioner is confined, [Doc. 1 at 1]. Thus, Warden Mays is the proper Respondent in this matter. Rule 2(a) of the Rules Governing 2254 and 2255 Cases. As such, the Court will **DIRECT** the Clerk to update the Court's docket to list Tony Mays as Respondent.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides in relevant part as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by the conclusion of direct review . . . . .

28 U.S.C. § 2244(d)(1).

On March 3, 2017, Petitioner pled guilty to one count of first-degree murder, one count of especially aggravated robbery, three counts of theft of $1,000 or more, one count of evading arrest, three counts of automobile burglary, and three counts of theft of property worth $500 or less [Doc. 9-3 at 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15]. These convictions became final no later than April 3, 2017, the day on which Petitioner's time to file an appeal of these convictions expired. *See*, *e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that where the Tennessee habeas petitioner did not pursue a direct appeal, his state court conviction was deemed "final" when the thirty-day time-period in which he could have done so expired).

The AEDPA's one-year statute of limitations then expired on April 4, 2018, without Petitioner filing any state court application for post-conviction or other collateral review of these convictions. And while Petitioner subsequently filed a petition for post-conviction relief from these convictions, he did not do so until June 15, 2021 [Doc. 9-4 at 1–15], which was more than three years after the AEDPA statute of limitations expired. Thus, this filing had no effect on the AEDPA's statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run") (citation omitted).

Accordingly, Petitioner's petition for § 2254 relief, which he filed on March 28, 2022 [Doc. 1 at 16], is untimely. But the AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he diligently pursued his rights, but an extraordinary circumstance prevented him from timely filing the petition. *Id.* at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

In his petition, Petitioner asserts that the statute of limitations does not bar his petition because "he did not understand [any]thing about court" and was only eighteen years old, and he is still struggling to learn how to work through the legal process [Doc. 1 at 13]. Petitioner also claims that "[a]t most [he] should have a second[-]degree murder conviction" because he accidentally killed a man who threatened him, and that the Carter County Sheriff's Office and prosecutors discriminated against him after he assaulted a guard [*Id.*]. Petitioner additionally alleges that prosecutors "railroaded" his case because of his age, that his sentence is "wrong," and that he had a Sixth Amendment right to a fair trial [*Id.*].

None of these arguments entitles Petitioner to equitable tolling of the AEDPA statute of limitations. First, while Petitioner asserts that his age of eighteen entitles him to equitable tolling, both the judgments against Petitioner [Doc. 9-3] and the Tennessee Federal Offender Information database, https://foil.app.tn.gov/foil/details.jsp (last visited July 27, 2022), list Petitioner's birth date as June 23, 1996, the indictments against Petitioner establish that his crimes occurred on July

3

4, 2014 [Doc. 9-1], and the judgments against Petitioner establish that he pled guilty to his crimes on March 3, 2017 [Doc. 9-3 at 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15]. Thus, while the record establishes that Petitioner was eighteen years old on the date on which he committed his crimes, it also establishes that he was almost twenty-one years old when he pled guilty to those crimes. And Petitioner provides no facts from which the Court could find that he diligently pursued his rights after his convictions, but his ages of twenty and twenty-one during the year after his convictions prevented him from timely filing a habeas corpus petition.

Further, Petitioner's ignorance of the AEDPA statute of limitations does not entitle him to equitable tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (holding that "ignorance of the law alone is not sufficient to warrant equitable tolling"). Also, Petitioner provides no facts from which the Court could find that his conclusory assertions that prosecutors and the Carter County Sheriff's Office discriminated against him and/or "railroaded" his case, or that his sentence is "wrong," would entitle him to equitable tolling of the AEDPA statute of limitations. Nor does the mere fact that Petitioner pled guilty and therefore did not have a trial entitle him to equitable tolling of the AEDPA statute of limitations, especially as the record indicates that Petitioner intelligently and voluntarily waived his right to a jury trial [Doc. 9-2 at 1–2].

Additionally, to the extent that Petitioner seeks to assert that his actual innocence entitles him to equitable tolling by arguing that he should have been convicted only of second-degree murder, actual innocence, if proved, serves as a gateway through which a petitioner may obtain review of otherwise barred or untimely claims. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006). But "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). And this exception requires a credible claim of actual innocence.

4

*Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012) (citing *Souter v. Jones,* 395 F.3d 577, 601 (6th Cir. 2005)). Thus, a petitioner must support such a claim "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. As Petitioner provides no exculpatory, eyewitness, or physical evidence to support any assertion that he is actually innocent of the first-degree murder charge against him but instead only challenges the legal sufficiency of this conviction by arguing that the evidence was insufficient to support it, he is not entitled to equitable tolling on this ground.

Accordingly, the Court will grant Respondent's motion to dismiss the petition [Doc. 10] to the extent that it will dismiss this action as time-barred, and the Court therefore now must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

For the reasons set forth above:

1. The Clerk will be **DIRECTED** to update the Court's docket to reflect that Tony Mays is the proper Respondent;

2. Respondent's motion to dismiss the petition [Doc. 10] will be **GRANTED** on the ground that the petition is time-barred;

3. A COA will not issue;

5

4. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3); and

5. This action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

So ordered.

ENTER:

                                                                                     s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE